IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Lamont Cutner, ) | |
| ) | Civil Action No. 6:12-2807-GRA-KFM |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Interim Warden Fred Thompson, ) | |
| ) | |
| Respondent. ) | |

      This matter is before the court on the petitioner's motion for default judgment (doc. 31). The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

      Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

      The petition in this action was filed on September 28, 2012. Service of process was authorized by order of the undersigned on October 1, 2012. In that same order, the respondent was directed to make a return or otherwise respond to the petition within 50 days from the date of service of the petition. On November 1, 2012, the undersigned granted the petitioner's motion to amend his petition and directed the respondent to make a return or otherwise respond to the petition within 50 days of the date of that order. The petitioner filed another motion to amend on December 7, 2012. On December 21, 2012, the respondent moved to extend the time within which to make his return or otherwise plead. Thereafter, on December 27, 2012, the undersigned granted the respondent's motion to extend time through January 22, 2013. On December 28, 2012, this court granted the petitioner's motion to amend and directed the Clerk of Court to file the second amended petition. On January 7, 2013, the petitioner filed the motion for default

judgment now before the court. On January 22, 2013, the respondent moved for a further extension of time within which to make a return otherwise plead, which was granted through January 25, 2013. The respondent filed a return and memorandum of law in support of motion for summary judgment on January 25, 2013.

The petitioner's motion for default judgment is clearly meritless as the respondent filed a return and motion for summary judgment within the time given by this court. Accordingly, the motion (doc. 31) should be denied.

IT IS SO RECOMMENDED.

February 13, 2013                                            Kevin F. McDonald
Greenville, South Carolina                              United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.