IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

Lamont Cutner,                          )
                                        )        Civil Action No. 6:12-2807-GRA-KFM
                     Petitioner,        )
                                        )        **REPORT OF MAGISTRATE JUDGE**
          vs.                           )
                                        )
Interim Warden Fred Thompson,           )
                                        )
                     Respondent.        )
_____ )

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND

The petitioner is currently confined in Lee Correctional Institution in the South Carolina Department of Corrections ("SCDC"). He was indicted for armed robbery at the May 2002 term of the Greenville County grand jury (2002-GS-23-3521) and convicted after a jury trial on June 17, 2003. The petitioner was represented by Randall L. Chambers at trial.

At trial, Todd Middlekauf testified that he was in the Wachovia Bank near Poinsett Highway in Greenville County on May 10, 2001, when he noticed a black male wearing a red cap. Mr. Middlekauf was making a business deposit and getting change for the cash box for his employer. While Mr. Middlekauf was in the parking lot as he was leaving the bank, the man approached him and said, "Give me the bag." The man had a

gun. Mr. Middlekauf gave him the money, and the man fled in a black jeep (App. 43-56). Mr. Middlekauf selected the petitioner's picture from a photographic lineup and identified him as the robber (App. 103-109). Time-stamped photographs from the surveillance camera show the robber was present at the bank at 11:17 a.m. (App. 104, 110-11, 143-46).

At the time of the robbery, the petitioner was on electronic monitoring under the supervision of Greenville County Probation, Parole, and Pardon Services. Supervisor Edward Jones testified as a defense witness. He testified that the electronic monitor has a range of 150 feet, and it is usually set up in the center of the house. Jones testified that the record indicated that the petitioner was "not within 150 feet of the monitor" at 10:55 on the morning of the robbery (App. 119-23). However, at 11:17 a.m. on that date, the petitioner was back within range (App. 120-22). Upon cross-examination by the prosecutor, Mr. Jones testified regarding an incident in 2002 when another offender challenged the accuracy of the central clock (App. 123-26).

The State called Probation Agent Ashley Long as a rebuttal witness (App. 127). Ms. Long testified regarding the offender under her supervision who complained in 2002 regarding the inaccuracy of the clock, which turned out to be 12 minutes slow (App. 128). According to Ms. Long, some differences in time would be normal, but a 12 minute difference was an anomaly (App. 129-30).

At sentencing, the State's attorney verified that the State had served notice that it would seek life without parole ("LWOP") based on the petitioner's prior convictions for armed robbery and attempted armed robbery in 1992, in accordance with South Carolina Code § 17-25-45 (App. 175-76). Subsequently, the trial court sentenced the petitioner to LWOP.[1]

---

[1]The petitioner was also indicted at the July 2002 term of court in Richland County for three counts of armed robbery (02-GS-40-3025, 02-CP-40-3027, and 02-GS-40-4703) and strong arm robbery (01-GS-40-4462). On November 4, 2002, the petitioner pled guilty to four counts of strong arm robbery, use of a firearm during the commission of a crime, and failure to stop for a blue light.

2

### Direct Appeal

On July 6, 2004, the petitioner's appellate counsel, Joseph L. Savitz of the South Carolina Office of Appellate Defense perfected the appeal by filing a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Mr. Savitz also filed a request to be relieved as counsel. The sole arguable claim in the petitioner's brief was:

> The judge erred by allowing the State to introduce on reply evidence that an electronic monitoring clock had malfunctioned in an unrelated case, because this evidence was not relevant to prove the monitoring of appellant was faulty and discredited his alibi defense.

(Final *Anders* brief 3). The petitioner did not file a *pro se* brief. The Court of Appeals dismissed the appeal on January 26, 2005. The remittitur was issued on February 28, 2005.

### First and Second PCRs

On June 17, 2004, the petitioner filed his first post-conviction relief ("PCR") application. As his direct appeal was pending at the time, the PCR application was dismissed without prejudice on August 18, 2004. On January 8, 2008, the petitioner filed a second application for PCR. The Honorable John C. Few initially dismissed this PCR application - by conditional order of dismissal dated May 12, 2008 - because it was filed outside the one-year statute of limitations. The petitioner filed a Rule 59 motion that was granted on September 9, 2008. The May 12, 2008 order was vacated, and an evidentiary hearing was set for the matter.

On February 26, 2009, an evidentiary hearing was held in Greenville before Judge Few. The petitioner was present and represented by Susannah C. Ross. Karen C. Ratigan of the Attorney General's Office represented the respondent. In his PCR

---

He was sentenced by the Honorable Henry F. Floyd to a 50 year prison term. The petitioner filed a prior § 2254 petition concerning the Richland County convictions on August 19, 2008. That petition was dismissed with prejudice for failure to prosecute on March 11, 2009.

application, the plaintiff alleged, "They use irrelevant evidence to convict me on said charge." In a *pro se* amendment to the application filed March 27, 2008, the plaintiff alleged the following:

1. Ineffective assistance of counsel:
    a. "[I]n the middle of my trial he ask judge to be excuse to go to a doctor's appointment."
    b. "[F]ail to object on the count of the investigator doing a photo line up for the second time after 4 months went pass after the incident."
    c. "[D]id not show witness Mr. Batson a photo line up to see if he picked me out the line up."

2. Subject matter jurisdiction
    a. The armed robbery indictment "was fatally defective."

3. Illegal sentence:
    a. Trial court "unconstitutionally imposed the sentence of life without parole, without requiring the state to show and/or substantiate the very existence of the alleged prior convictions."

(App. 204-09). In a *pro se* amendment filed February 11, 2009, the plaintiff alleged, "Ineffective assistance of counsel: failed to request an alibi charge."

The petitioner testified on his own behalf at the PCR hearing. The petitioner's brother, Ronald Cutner, and the petitioner's trial counsel, Randall L. Chambers, also testified at the hearing (App. 210-64). Judge Few denied relief in an order filed March 26, 2010 (App. 268-80). The PCR court had before it the trial transcript, the records of the Greenville County Clerk of Court, the petitioner's records from the SCDC, the application for PCR, the respondent's return and motion to dismiss, the appellate records, and the transcript from the PCR evidentiary hearing.

**PCR Appeal**

On September 1, 2010, the petitioner filed an appeal from the denial of relief. In the appeal, the petitioner was represented by Wanda H. Carter, Deputy Chief Appellate Defender of the Division of Appellate Defense. In the petition for writ of certiorari pursuant to SCACR Rule 243, counsel raised the following two issues before the appellate court:

4

> 1. Trial counsel erred in failing to object to irrelevant testimony regarding delayed time reports with respect to electronic monitoring clocks as this problem did not occur in Petitioner's case, but rather in other unrelated cases, and because Petitioner's alibi defense hinged on his electronic monitoring clock, which was accurate and proved that he was home at 11:17 a.m. on May 10, 2001, when the robbery in this case occurred. This irrelevant testimony in question prejudiced petitioner's case because it inoculated the jury with the idea that electronic monitoring clocks lacked timing accuracy, which in turn weakened petitioner's alibi defense
>
> 2. Trial counsel erred in failing to enhance Petitioner's alibi defense by calling his probation agent to testify that his electronic monitoring clock was accurate and in failing to call Petitioner's brother, who would have explained that his practice was to take Petitioner home in the mornings if there was no work was available each day because this would have strengthened Petitioner's alibi defense and minimized the effect of the testimony of the State's reply witness, who stated that there were timing delays in the electronic clock reports, which in turn weakened petitioner's alibi defense.

(Pet. for writ of cert. 2).   The respondent, through Assistant Attorney General Karen Ratigan, made a return to the petition on January 18, 2011.  On July 17, 2012, the South Carolina Court of Appeals denied the petitioner's petition for writ of certiorari. *Lamont Wesley Cutner v. State*, Order (S.C. Ct. App. July 17, 2012) (order denying PCR certiorari). The remittitur was issued on August 6, 2012.

### Third PCR

On March 13, 2012, the petitioner filed his third PCR application.  He filed an amendment on April 2, 2012.  In the applications, the petitioner alleged he was being held in custody unlawfully for the following reasons:

> 1. Ineffective assistance of counsel:
>    a.  Failed to subpoena alibi witness Chad Mercer.
>
> 2. Newly discovered evidence:
>    a. Counsel was not served with timely notice of intent to seek life without parole.
>    b. State witness Tawanda Williams was scared by the State and worked out a plea deal.

The respondent made a return and motion to dismiss on July 12, 2012, asserting that it should be dismissed as a successive application. On July 25, 2012, the Honorable G. Edward Welmaker issued a conditional order of dismissal concluding that the matter should be dismissed as 1) beyond the state PCR statute of limitations, 2) as a successive application pursuant to *Aice v. State*, 409 S.E.2d 392 (S.C. 1991), and 3) the claim of after-discovered evidence failed to meet the requirements for a new trial. On November 21, 2012, a final order of dismissal was entered.

## FEDERAL PETITION

In his federal petition now before this court, which was filed *pro se* on September 28, 2012, the petitioner made the following claims:

    I. Ineffective Assistance of Counsel

        A. My attorney failed to subpoena my probation officer to trial which was an alibi witness.

        B. I was not served with notice to seek life without parole 10 days before trial when my attorney and I was supposed to be served.

        C. My attorney did not object to irrelevant testimony that another client's monitor malfunctioned in his case.

        D. The Petitioner claims that if his probation agent would have come to the trial as requested as a witness to the alibi, I would not have been found guilty.

    II. Found out from state witness that she had worked out a deal with the Solicitor. She stated that she was scared due to her perjury charge.

        A. This was raised as newly discovered evidence in a second PCR application.

    III. Counsel failed to subpoena alibi witness Chad Mercer.

        A. I asked the probation agent to be present in court to testify in my behalf as an alibi witness.

(Doc. 1).

On November 7, 2012, the petitioner filed a motion to amend his petition and raised the following claims:

IV. Illegal Sentence.

A. His life without parole sentence pursuant to Section 17-25-45 is illegal because it violates due process.

1. Petitioner contends the State was not required to show or substantiate the existence of the prior convictions.

2. The state did not present certified copies of court records showing that he had the prior convictions, that the prior conviction was for an offense which occurred prior to the commission of the offense for which the Petitioner was being tried and that the Applicant was the subject of the prior convictions.

3. The Petitioner claims (page 7) that the strike they used against him was before the 2 strike law went into effect when he was sentenced to 15 years, suspended to 10 years and 4 years probation which was for armed robbery. He stated that it should not have been used because it was not a "most serious offense in 1992. I also told the judge at sentencing that I had a drug addiction and he ordered me to go to ATU program before I was released. I was released without going into ATU program as ordered by Judge McKellar.

V. Subject matter jurisdiction.

A. Court lacked subject matter jurisdiction to try applicant for armed robbery on indictment 2002-GS-23-3521 because the indictment was fatally defective.

1. The indictment failed to apprise applicant of what he must be prepared to meet by omitting a description of the

7

alleged deadly weapon and monies taken from the victim and /or the presence of the alleged victim.

2. The Due Process clause and Sixth Amendment require that an indictment must charge all the essential facts of the offense with sufficient clarity so that he will not be mislead while preparing his defense and protect the defendant against double jeopardy.

VI. Ineffective assistance of counsel.

A. Trial counsel failed to object to the sentence imposed by the Court of life without parole in violation of his 14th Amendment right to due process because the state failed

B. Counsel failed to make a cogent argument attacking the constitutionality of the "two strike" law 17-25-45, which mandates life imprisonment without parole.

1. Counsel should have made a cogent argument attacking the constitutionality or validity of the enhancement statute and sentence imposed. By failing to do so he waived the right to appellate review of the issue which in turn violated his 14th Amendment right to due process.

C. Trial was ineffective in failing to object to the charge on the law.

1. The trial judge erroneously charged the jury on the elements of larceny which is not a lesser included offense of robbery, citing *Joseph v. State*, 351 S.C. 551, 571 S.E.2d 280 (2002).

2. The instruction would have confused the jury and did not fit the facts of the case.

D. Trial counsel was ineffective in failing to object to the admissibility of the testimony of state witness Ashley Long, as opposed to objecting to the weight of her testimony, trial counsel was

8

ineffective in failing to object to the admissibility of testimony evidence that an electronic monitoring clock malfunctioned in an unrelated case because this evidence was relevant to prove the monitoring of Applicant was faulty and discredited applicant's alibi.

1. The trial court overruled counsel's objection that went to the weight of the testimony, not its admissibility. Tr.p. 167, l. 6-22.

E. Trial counsel was ineffective for not objecting to the volunteering of Jones about they had another case where the offender was saying the time of the clock was not working correctly. Tr.p. 124, 220. He claims that counsel admitted his ineffectiveness when counsel Chamber stated that maybe he made a mistake. Tr.p. 220.

F. Trial counsel was ineffective in not moving to quash the indictment under Rule 3 and improper grand jury procedure.

G. General Due process violation in allowing probationers to be asked to be put in jail by judges for not being on time with their electronic monitoring and then come in and testify to this jury that our clock system is wrong and that Petitioner clearly received an unfair trial.

VII.  New Discovery

A.    *Grier v. State* case. [The petitioner summarizes *Grier v. State*, 384 S.E.2d 722 (S.C. 1989).].

(Docs. 18, 18-1).

On December 28, 2012, the petitioner filed a second amended petition (doc. 30-2) in which he asserted that under South Carolina Code § 17-25-45 the solicitor has to show a prior conviction on or after the effective date of January 1996, referring to 1995 Act No. 83. He claimed that he had only one conviction after January 1, 1996. He claimed that the Solicitor went back past the January 1, 1996, date to use a prior conviction from 1992 in indictment 92-GS-40-13546 for attempted armed robbery.

On January 25, 2013, the respondent filed a motion for summary judgment. By order filed January 28, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed a response to the motion for summary judgment on February 27, 2013.

## APPLICABLE LAW

### *Summary Judgment Standard*

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365

(4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

### Exhaustion

Before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17–27–10, *et seq.*; S.C. Code Ann. § 17–27–90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C.1976). If the PCR court fails to address a claim as is required by South Carolina Code § 17–27–80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP to preserve the issue for appellate review. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007).[2]

The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy*, 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990). In *McKennedy*, the South Carolina Supreme Court specifically held that *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court "outside of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan [ v. Boerckel*, 526 U.S. 838 (1999)]." 559 S.E.2d at 854. Accordingly, a claim would not be procedurally barred from review in this court for failure to pursue review in the South

---

[2]In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007, decision in *Marlar*, South Carolina courts had not been uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

Carolina Supreme Court after an adverse decision in the South Carolina Court of Appeals, either after a direct appeal or after pursuing relief in a PCR petition.

A habeas petitioner must first present his claim to the court in a manner in which it may be reviewed on the merits. *Harris v. Reed*, 489 U.S. 255, 262 (1989); *Coleman v. Thompson*, 501 U.S. 722, 735 (1991). It is well settled in South Carolina that "[i]ssues not raised and ruled upon in the trial court will not be considered on appeal." *State v. Dunbar*, 587 S.E.2d 691, 693-94 (S.C. 2003). Moreover, it is not enough that the argument presented stems from the same factual scenario; rather, the legal argument must be the same as the argument presented below. *See, e.g., State v. Haselden*, 577 S.E.2d 445, 448 (S.C. 2003) (finding differing ground for objection did not preserve issue presented for review: defendant's objection on relevancy did not preserve argument the evidence was improper character evidence); *State v. Caldwell*, 662 S.E.2d 474, 482 (S.C. Ct. App. 2008) ("Because the argument raised on appeal does not appear to have been specifically raised below, it may not be preserved on appeal.").

### Procedural Bar

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief on an issue after he failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

If a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court has explained:

> [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

### Cause and Prejudice

"[A] federal court ordinarily may not consider claims that a petitioner failed to raise at the time and in the manner required under state law unless 'the prisoner demonstrates cause for the default and prejudice from the asserted error.'" *Teleguz v. Pearson*, 689 F.3d 322, 327 (4th Cir. 2012) (quoting *House v. Bell*, 547 U.S. 518, 536 (2006)). To show cause, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule," *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or that "the factual or legal basis for the claim was not reasonably available to the claimant at the time of the state proceeding." *Roach v. Angelone*, 176 F.3d 210, 222 (4th Cir. 1999). "Alternatively, Petitioner may prove that failure to consider the claims will result in a fundamental miscarriage of justice." *McCarver v. Lee*, 221 F.3d 583, 588 (4th Cir. 2000) (citing *Coleman*, 501 U.S. at 750). A fundamental miscarriage of justice equates to the conviction of someone who is actually innocent. However, "actual innocence" requires "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

The Supreme Court recently held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of counsel at trial." *Martinez v. Ryan*, 132 S.Ct. 1309, 1315 (2012). This holding was specifically limited to "initial-review collateral proceedings," not appellate PCR proceedings. *Id.* at 1320. In order to overcome the default, the "prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.* at 1318.

***Standard of Review***

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. §2254(d), (e).

The Fourth Circuit Court of Appeals has stated as follows regarding the standard of review in cases, like the instant case, that are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> For a claim that was adjudicated on the merits in state court proceedings, this Court will not issue a writ of habeas corpus under the AEDPA unless (a) the state court decision is in "square conflict" with Supreme Court precedent that is controlling as to law and fact or (b) if no such controlling decision exists, "the state court's resolution of a question of pure law rests upon an objectively unreasonable derivation of legal principles from the relevant [S]upreme [C]ourt precedents, or if its decision rests upon an objectively unreasonable application of established principles to new facts." *Green v. French*, 143 F.3d 865, 870 (4th Cir.1998). "In other words, habeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant

14

> precedent in a manner that reasonable jurists would all agree is unreasonable." *Id.* When a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits, however, our review of questions of law and mixed questions of law and fact is *de novo*. *See Jones v. Jones*, 163 F.3d 285, 299-300 (5th Cir.1998) (applying pre-AEDPA *de novo* standard of review to claims of ineffective assistance of counsel that were properly raised, but not adjudicated on merits in state court).

*Weeks v. Angelone*, 176 F.3d 249, 257-58 (4th Cir. 1999).

### Ineffective Assistance of Counsel

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, the petitioner must demonstrate that his counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by his counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. With regard to the second prong, the petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

The review of ineffective assistance of counsel claims in federal habeas is centered upon whether the state court decision was reasonable. 28 U.S.C. § 2254(d). Moreover, each step requires deference – deference to counsel and deference to the state court that previously reviewed counsel's actions:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.*, at 689; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S., at ——, 129 S.Ct. at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at ——, 129 S.Ct. at 1420. Federal habeas courts must guard against the

> danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Harrington v. Richter*, 131 S.Ct. 770, 788 (2011).

## ANALYSIS

### Chad Mercer

In Grounds One(A) and (D) and Three(A), the petitioner argues that his trial counsel was ineffective in failing to subpoena and present his probation officer, Chad Mercer, as a witness at trial.[3] The PCR court did not specifically address this matter in the written order (Tr. 270-79) or in the oral order at the conclusion of the PCR hearing (App. 259-64). Neither the petitioner nor his counsel filed a Rule 59(e) motion to preserve the issue for appeal. *See Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007) ("Because respondent did not make a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his allegations, the issues were not preserved for appellate review."). The issue was raised in Question II in the petition for writ of certiorari, which the South Carolina Court of Appeals summarily denied; however, the petitioner was procedurally barred from arguing this claim in his PCR appeal because he failed to file a Rule 59(e) motion seeking a specific ruling on the issue from the PCR court. *See, e.g., Isom v. Stevenson*, C.A. No. 8:11-1747-TLW-JDA, 2012 WL 2367693, at *10 n.9 (D.S.C. April 16, 2012) (finding that while petitioner attempted to present issue in *pro se* petition for writ of certiorari, issue was procedurally barred as no Rule 59(e) motion was filed seeking specific ruling from PCR court), *adopted by* 2012 WL 2368393 (D.S.C. June 21, 2012); *Simmons v. Bazzle*, C.A. No. 08–1028-PMD-PJG, 2009 WL 823302, at *5 (D.S.C. March

---

[3]The respondent further argues that summary judgment should be granted as to any claim by the petitioner that his trial counsel was ineffective in failing to call the petitioner's brother, Ronald Cutner, to testify at trial (doc. 41 at pp. 18-20). As the petitioner did not raise this allegation in his federal petition, it will not be addressed here.

26, 2009) (holding that issues not properly preserved for appellate review by the South Carolina Supreme Court on certiorari were procedurally defaulted); *Dash v. Hagan*, C.A. No. 08–278-GRA, 2009 WL 151527, at *2, 6 n.5 (D.S.C. Jan. 21, 2009) (holding claim procedurally defaulted where no Rule 59(e) motion was made, even though the petition for certiorari had been filed and dismissed).  As such, the issue is barred absent a showing a cause for the default and prejudice resulting therefrom or that a failure to consider the claims will result in a fundamental miscarriage of justice.  *See Coleman*, 501 U.S. at 750.

At the PCR hearing, the petitioner complained that his probation agent (Mercer) did not testify but admitted that Mercer's supervisor (Jones) was called to testify about his monitoring report (App. 224, 234; *see* App.117-26).  The petitioner claimed that his agent could have testified that the monitoring was correct and that if something was wrong with his monitor, he would have "violated me" (App. 224, 235).  He stated that he asked that his agent be there and that he would not have been found guilty if Mercer was there (App. 225, 236).  Mercer did not testify in the PCR proceeding, and no affidavit was presented concerning what his testimony would have been at trial.

Counsel Randall Chambers testified at the PCR hearing that the defense strategy was based upon the petitioner's electronic monitor, which he asserted "clearly established from the information that was provided us by probation and parole that he was at home at 11:17 when the robbery occurred" (App. 246).  Counsel Chambers stated that he had attempted to contact Mercer, but learned that he was out of state at the time (App. 248).  However, counsel stated that he was able to get what they needed through Jones (App. 248).   At the petitioner's trial, Jones testified that, according to the electronic monitoring report, at 11:17, the petitioner was within 150 feet of the center of his house (App. 120-22).

The petitioner has made no showing of cause for the procedural default and prejudice resulting therefrom, nor has he made a showing of actual innocence.

Furthermore, the claim fails on the merits.  As noted above, Mercer did not testify at the PCR proceeding, and no affidavit was presented from him.  The petitioner's allegation does not warrant relief absent a proffer of the witness' alleged favorable testimony.  *See Bassette v. Thompson*, 915 F.2d 932, 940-41 (4th Cir. 1990).  Thus, the petitioner could not and did not meet his burden of showing deficient performance by his trial counsel or prejudice under *Strickland*.  *See Bannister v. State*, 509 S.E.2d 807, 809 (S.C. 1998) ("This Court has repeatedly held a PCR applicant *must produce the testimony* of a favorable witness *or otherwise offer the testimony in accordance with the rules of evidence* at the PCR hearing in order to establish prejudice from the witness' failure to testify at trial.") (emphasis in original) (citations omitted).   In his seventh ground for relief, the petitioner summarizes the decision in *Grier v. State*, 384 S.E.2d 722 (S.C. 1989), in which the Supreme Court of South Carolina affirmed the PCR judge's conclusion that the failure of defense counsel to call certain alibi witnesses constituted deficient performance.  However, in *Glover v. State*, 458 S.E.2d 538, 540 n.2 (S.C. 1995), the court overruled a portion of *Grier* stating, "To the extent the majority opinion in *Grier* . . . can be read to suggest that a PCR applicant's mere speculation what a witness's testimony would have been is sufficient to satisfy the applicant's burden of showing prejudice, it is overruled."  Based upon the foregoing, this ground for relief should be denied.

### *Notice of Intent to Seek Life Without Parole*

In section B of his first ground for relief, the petitioner claims that his counsel was ineffective for failing to object at sentencing because the petitioner was not served with notice of intent to seek LWOP ten days before trial. South Carolina Code § 17-35-45(H) provides: "Where the solicitor is required to seek or determines to seek sentencing of a defendant . . . [to LWOP based upon prior convictions for certain crimes], written notice must be given by the solicitor to the defendant and defendant's counsel not less than ten days before trial."  A review of the record reveals that at sentencing the Solicitor's Office

stated that they had served notice of intent to seek LWOP 14 days prior to the trial on the petitioner in the SCDC.  The basis was two prior "most serious offenses," an armed robbery and an attempted armed robbery from December 1992 (App. 175 -76).  Trial counsel stated that his client was "telling me he never received notice.  And that is required under the statute."  The prosecutor then responded that he had an affidavit of service showing the petitioner was served in the SCDC (App. 176).

The petitioner failed to raise this issue of notice in his first full PCR (the second PCR).  The petitioner raised this issue in his third PCR, which was dismissed on November 21, 2012, as being time-barred and successive.  At the time of the filing of the respondent's return in this case, there was no record of appeal of the 2012 PCR (doc. 41 at p. 21).  Based upon the foregoing, this claim is procedurally barred as the petitioner has made no showing of cause and prejudice or actual innocence.

Moreover, the claim is meritless as the record before the state court reflected that the petitioner was served with proper notice 14 days prior to the trial.  This satisfies the state law requirements of South Carolina Code § 17-25-45(H). Moreover,"it is not the province of a federal habeas corpus court to reexamine state court determinations on state law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Based upon the foregoing, this claim should be denied.

### State Witness Deal

In Ground Two of his petition, the petitioner states that he "found out from state witness she worked out a deal with solictor (sic) for his testimony she stated she was scared due to her pending charges" (pet. 7).  The petitioner raised this issue in his third PCR, which was denied by the state court as untimely and successive.  As discussed above, the issue is procedurally barred.

Furthermore, the claim is meritless.  A review of the trial record reveals that Tawanda Williams, the petitioner's girlfriend, testified under oath that she had pending

charges at the time of her testimony, she confirmed that the prosecutor had not made promises to her regarding those charges, and she confirmed that she had not been offered any sentence (App. 93). As argued by the respondent, these sworn statements in open court carry a presumption of verity. The petitioner offers nothing to refute the record, and his unsupported, conclusory allegations do not entitle him to relief. *See Beasley v. Halland*, 649 F.Supp. 561, 566 (S.D.W.Va.1986) (finding that "[m]ere conclusory charges of perjury and the knowing use of perjured testimony is insufficient to warrant a hearing or habeas relief") (citation omitted). Based upon the foregoing, this ground should be dismissed.

### *Sentencing*

In his fourth ground for relief, the petitioner first argues that his sentence was illegal because it violates due process. Specifically, he claims his sentence was illegal because the state did not produce certified copies of the previous convictions upon which his LWOP sentence was based and because the convictions were from 1992, which occurred before the "two strikes law" (South Carolina Code § 17-25-45) was passed in 1996. The petitioner makes a similar allegation in his second amended petition (doc. 30-2). The petitioner further alleges in Ground Six(A) that his counsel was ineffective for failing to object to the sentence based upon the State's alleged failure to substantiate the prior convictions and the alleged unconstitutionality of § 17-25-45.

While these issues were raised in the petitioner's second PCR, they were not specifically addressed by the PCR court in the order of dismissal (App. 268-79), and neither the petitioner nor his counsel filed a Rule 59(e) motion to preserve the issues for appeal. Moreover, the claims were not presented in the PCR appeal. Thus, they are procedurally barred in this matter absent a showing of cause and prejudice or actual innocence. The petitioner has made no such showing.

Furthermore, the claims regarding the petitioner's LWOP sentence are meritless. South Carolina Code § 17-25-45 provides, in pertinent part that, upon a

conviction for a most serious offense as defined by the section, "a person must be sentenced to a term of imprisonment for life without the possibility of parole if that person has . . . one or more prior convictions for . . . a most serious offense . . . .  S.C. Code Ann. § 17-25-45(A)(1).  Armed robbery and attempted armed robbery are listed as "most serious offenses."  *Id.* §17-25-45(C)(1). Convictions that occurred prior to the passage of the act can be used as sentencing enhancements.  *Id.* § 17-25-45(F) ("[A] prior or previous conviction shall mean the defendant has been convicted of a most serious or serious offense, as may be applicable, on a separate occasion, prior to the instant adjudication. There is no requirement that the sentence for the prior or previous conviction must have been served or completed before a sentence of life without parole can be imposed under this section.").  *See State v. Rogers*, 603 S.E.2d 910 (S.C.Ct.App. 2004) (finding enhancement from prior conviction 19 years before proper as a matter of state law). Furthermore, § 17-25-45 has withstood repeated constitutional challenges. *See, e.g.*, *State v. Jones*, 543 S.E.2d 541, 545-47 (S.C. 2001) (holding "two-strikes" law constitutional under separation of powers, cruel and unusual punishment, equal protection, and ex post facto challenges).  Based upon the foregoing, these grounds for relief should be dismissed.

### Indictment

In his fifth ground for relief, the petitioner claims that the trial court lacked subject matter jurisdiction because the indictment for armed robbery was defective. Specifically, he claims the indictment was defective because it omitted a description "of the alleged deadly weapon and monies taken from the victim and/or the presence of the alleged victim."  He claims this omission violated his right to due process and his rights under the Sixth Amendment.   The indictment states that the petitioner "did in Greenville County, on or about the 10th day of May, 2001, while armed with a deadly weapon, to wit: a gun, take by means of force or intimidation, goods or monies described as: money from the person or presence of Todd Middlekauf" in violation of South Carolina Code § 16-11-330 (App.

281-82). In Ground Six(F), the petitioner alleges that his trial counsel was ineffective in not moving to quash the indictment under Rule 3 due to alleged improper grand jury procedure.

Counsel testified that he did not argue that the indictment should be quashed because it looked okay to him (App. 253). Judge Few ruled at the PCR hearing that counsel had no cause to move to quash the indictment and that there was no due process violation (App. 261). In denying relief in the written order, Judge Few ruled:

> This Court finds the Applicant has failed to meet his burden of proving trial counsel should have filed a motion to quash the indictment under Rule 3(c), SCRCrimP. *See State v. Culbreath*, 282 S.C. 38, 40, 316 S.E.2d 681, 681 (1984) ("[T]he failure of the solicitor to act upon a warrant within ninety (90) days . . . does not within itself invalidate a warrant or prevent subsequent prosecution."). Further, this Court finds the Applicant failed to provide evidence of any prejudice that resulted from the delay.

(App. 273). The petitioner did not raise these issues in the PCR appeal, and thus the claims are procedurally barred as the petitioner has made no showing of cause and prejudice or actual innocence.

Moreover, with regard to the petitioner's claim that the indictment was deficient and thus the trial court lacked subject matter jurisdiction, subject matter jurisdiction is a state law issue and not cognizable in this federal habeas action. *Estelle*, 502 U.S. at 67-68 ("[I]t is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions."); *Wright v. Angelone*, 151 F.3d 151, 158 (4th Cir. 1998) (jurisdiction is a matter of state law); 28 U.S.C. § 2254(d)(1) (application shall not be granted unless the claim was based on an improper application of federal law). Furthermore, "[v]ariances and other deficiencies in state court indictments are not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process." *Ashford v. Edwards*, 780 F.2d 405, 407 (4th Cir.1985). The petitioner has made no such showing here.

Based upon the foregoing, these claims should be dismissed.

### *Jury Charge on Larceny*

In Ground Six(C), the petitioner alleges that trial counsel was ineffective for failing to object to the court's charge on the crime of larceny because it is not a lesser included offense of armed robbery.  This issue was raised in the October 30, 2008, amended PCR application, but was not raised or specifically addressed during the PCR hearing or in the order of dismissal.  The issue was not raised in the PCR appeal, and thus it is procedurally barred.

Furthermore, the claim fails on the merits as the petitioner has failed to show deficient performance by trial counsel and prejudice therefrom as required by *Strickland*. The trial record reflects that the trial court instructed the jury on larceny in order for them to better understand robbery.  However, the court also instructed that "robbery contains all the elements necessary to constitute larceny" (App.159). The petitioner was convicted of armed robbery, not larceny.  As argued by the respondent, the petitioner's reliance on *Joseph v. State*, 571 S.E.2d 280 (S.C. 2002) is misplaced.  In that case, the court concluded that grand larceny was not a lesser included offense of armed robbery because it contained an additional element concerning the value of the goods taken.  This is not the case with larceny.  *See State v. Moore*, 649 S.E.2d 84, 88 (S.C. Ct. App. 2007) ("Larceny is a lesser-included offense of the crime of armed robbery.") (citations omitted).  Based upon the foregoing, this ground for relief should be dismissed.

### *Evidence of Electronic Monitor Issues*

In Ground Six(D), the petitioner asserts his attorney was ineffective for failing to object to Ashley Long's testimony on reply regarding the malfunctioning of an electronic monitoring clock in another case.  This claim was also raised at the PCR hearing (App. 216-17; 235-36).  In the order of dismissal, the PCR court found that the petitioner had failed to meet his burden that counsel was ineffective in this regard.  The court noted that trial counsel's testimony at PCR was that he had objected to the testimony during a sidebar at

trial, arguing that it was not relevant, was too remote in time, and was prejudicial (App. 128, 250-51). Counsel preserved the objection on the record at trial, and it was overruled (App. 167). The PCR court found that the petitioner failed to show what more his counsel could have done to challenge Agent Long's testimony (App. 276).

This issue was not raised in the PCR appeal, and thus it is procedurally barred.[4] Furthermore, it fails on the merits as the petitioner's trial counsel clearly did object to Long's testimony but was overruled. The petitioner has made no showing that his counsel's performance was deficient or that he was prejudiced as required by *Strickland*.

In Grounds One(C) and Six(E), the petitioner claims his counsel was ineffective for not objecting to certain testimony of parole supervisor Edward Jones, who testified as a defense witness at trial. He testified that the electronic monitor has a range of 150 feet, and it is usually set up in the center of the house. Jones testified that the record indicated that the petitioner was "not within 150 feet of the monitor" at 10:55 on the morning of the robbery (App. 119-23). However, at 11:17 a.m. on that date, the petitioner was back within range (App. 120-22).

On cross-examination, the prosecutor asked if Jones could tell the jury "that these times are accurate," and Jones replied, "I can't say for sure that they're accurate because there have been other problems with the units." Jones went on to describe an incident in 2002 when the clock was challenged by another offender who was shown to have been leaving early on a regular basis. As a result of the investigation in that case, they determined there was a problem with the central clock (App. 123-25).

At the PCR hearing, the petitioner argued that his trial counsel was ineffective for failing to object to this testimony (App. 216-17). Trial counsel Chambers testified that he did not object to the testimony because he did not believe the statements were

---

[4]As will be discussed below, the petitioner argued issues regarding the testimony of Jones in the PCR appeal (*see* pet. for writ of cert. 2-7). However, the petitioner did not argue any issues related to Long.

inadmissible (App. 249).    He further testified that he felt that he had established the petitioner's alibi (App. 217).

In the order of dismissal, the PCR court found that counsel erred in failing to object to Jones's testimony about the prior, unrelated incident.  However, the PCR court further found that the error did not prejudice the petitioner's case as trial counsel was able to effectively attack the testimony regarding the clock throughout the course of the trial and in closing argument (App. 276).  The petitioner raised this claim in his petition for writ of certiorari, and thus the claim will be considered on the merits.

The state PCR court reasonably applied *Strickland* in rejecting this claim. Jones did not testify that there were routine errors with the monitoring system or that he had any reason to believe there was an error with the petitioner's monitoring system.  Thus, Jones' testimony did not necessarily discredit the petitioner's alibi defense.  The electronic monitoring records indicated the petitioner was back in range of his monitor by 11:17 a.m. (App. 119-23).  Time-stamped photographs from the surveillance camera show the robber was present at the bank at 11:17 a.m. (App. 104, 110-11, 143-46).  In his closing argument, defense counsel argued that the petitioner could not be two places at one time.   He attacked the testimony regarding the prior issue with the electronic monitoring clock noting that Long testified that a time difference of 12 minutes was an anomaly.  Defense counsel argued that even if the clock was off by a few minutes, the State had not shown beyond a reasonable doubt that the petitioner could have driven from the bank to his home by the time the electronic monitoring system showed that he was back home (App. 146-48).  The petitioner has failed to show the PCR court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or that it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, this claim is without merit and should be dismissed.

***Due Process Claim***

In Ground VI(G), the petitioner alleges:

General violation of due process . . . the trial was ruled unfair the state was challenging its own probation people. This is a situation where the probationers was asked to be put in jail by judges for not being on time with their electronic monitoring and then they come in and testify to this jury and say our clock system is wrong and clearly I received an unfair trial.

(Doc. 18 at p. 6). Freestanding claims such as the one raised by the petitioner here must be raised at the trial level and then on direct appeal. *See Drayton v. Evatt*, 430 S.E.2d 517, 520 (S.C. 1993) ("Issues that could have been raised at trial or on direct appeal cannot be asserted in an application for post-conviction relief absent a claim of ineffective assistance of counsel.") (citation omitted). While the petitioner argued on direct appeal that the testimony at trial by Ashley Long that the electronic monitoring clock had been inaccurate in an unrelated case was irrelevant, he did not argue that his due process rights had been violated. Accordingly, the claim is procedurally barred.

Furthermore, the claim is meritless. As questions concerning the admission of evidence are matters of State law, the issue then is not whether the trial court erred in admitting the testimony, but whether its admission resulted in a trial so fundamentally unfair that the petitioner was denied due process of law. *See Rainer v.Dep't of Corrections*, 914 F.2d 1067, 1072 (8th Cir.1990) (citing *Hobbs v. Lockhart*, 791 F.2d 125, 127-28 (8th Cir. 1986)). The petitioner has made no showing that the admission of testimony regarding the malfunctioning of an electronic monitoring clock in an unrelated case resulted in a trial so fundamentally unfair that he was denied due process of law. Accordingly, this claim should be dismissed.

26

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 42) be granted.


Kevin F. McDonald
United States Magistrate Judge

July 10 , 2013
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington St, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.