UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Lamont Cutner, | ) | |
| | ) | C/A No.: 6:12-cv-2807-GRA |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Interim Warden Fred Thompson, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court for a review of United States Magistrate Judge Kevin F. McDonald's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, and filed on July 10, 2013. Petitioner Lamont Cutner ("Petitioner"), a state prisoner proceeding *pro se*, brought this habeas action pursuant to 28 U.S.C. § 2254. ECF No. 1. Presently before the Court for a ruling is Respondent's Motion for Summary Judgment. ECF No. 42. Magistrate Judge McDonald recommends that Respondent's Motion for Summary Judgment be granted. For the reasons stated herein, the Court adopts the Report and Recommendation in its entirety.

### Background

The Magistrate Judge's Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates and summarizes them below in relevant part. Petitioner is an inmate

at Broad River Correctional Institution serving a sentence of life without parole. On June 17, 2003, he was convicted of armed robbery after a jury trial. Petitioner appealed his sentence which was dismissed by the Court of Appeals on January 26, 2005. ECF No. 41-2. The remittitur was issued on February 28, 2005. ECF No. 41-3. Petitioner filed his first application for post-conviction relief ("PCR") on June 17, 2004. Petitioner's first PCR application was dismissed without prejudice because his direct appeal was pending at the time that the PCR application was filed. *See* ECF No. 41-9, at 269. On February 26, 2009, a PCR hearing was held on Petitioner's second PCR application. *See* ECF No. 41-9, at 210−65. On March 26, 2010, the PCR Court denied Petitioner's second PCR application and dismissed the claims with prejudice. ECF No. 41-9, at 268−80. Petitioner appealed the denial of his claims for relief which the South Carolina Court of Appeals denied on July 17, 2012. *See* ECF No. 41-6. The remittitur was issued on August 6, 2012. ECF No. 41-7. Petitioner filed a third PCR application on March 13, 2012. The PCR Court dismissed Petitioner's third PCR application as untimely and successive. *See* ECF Nos. 41-18 & 41-19.

Petitioner filed the instant Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 on September 24, 2012.[1] ECF No. 1. On October 29, 2012, Petitioner filed a motion to amend the Petition which the

---

[1] The Petition was docketed on September 28, 2012; however, because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). The date that the Petition was delivered to the prison mailroom does not appear on the envelope, and the earliest visible date is the September 24, 2012 postmark. ECF No. 1-1. Thus, the Court will give Petitioner the benefit of this date.

Court granted.  *See* ECF Nos. 13, 15, & 18.  Petitioner moved to amend the Petition for a second time on December 5, 2012.  ECF No. 20.  The Court granted Petitioner's motion to amend and docketed the Second Amended Petition on December 28, 2012.  ECF Nos. 28 & 30.  Respondent filed a motion for summary judgment on January 25, 2013.  ECF No. 42.  Petitioner was advised of the summary judgment dismissal procedure in an order issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).  ECF No. 43.  Petitioner filed a response to the summary judgment motion on February 26, 2013.  ECF No. 50.

## Standard of Review

### A. *Pro se* Petitions

Petitioner brings this case *pro se*.  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).  A court may not construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).

### B. Legal Standard for Summary Judgment

Here, Respondent has filed a motion for summary judgment. To grant a motion for summary judgment, the Court must find that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. The judge is not to weigh the evidence, but rather to determine if there is a genuine dispute of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing that is sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990).

### C. Section 2254 Petitions

Petitioner's Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA provides that a federal court cannot grant habeas relief to a person in state custody, unless the petitioner "has exhausted the remedies available in the courts of the State"; or "there is an absence of available State corrective process"; or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Under the AEDPA, a state court's decision must be sustained unless it was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Furthermore, "a determination of a factual issue made by a State Court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

The Supreme Court has held that the "contrary to" and "unreasonable application" clauses contained in 28 U.S.C. § 2254(d) have independent meaning. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). Moreover, a state court's decision may be "contrary to," Supreme Court precedent in two ways: (1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law"; or (2) "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court's]." *Id.* at 405.

The "unreasonable application" clause is implicated when a "state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "The federal habeas scheme leaves primary responsibility with the state courts for these judgments, and authorizes federal-court intervention only when a state-court decision is objectively unreasonable."

Page 5 of 16

*Woodford v. Visciotti*, 537 U.S. 19, 27 (2002) (per curiam).  The federal habeas court should not grant relief to a petitioner "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."    *Harrington v. Richter*, 562 U.S. ___, ___ 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).    Relief cannot be granted if the state court's decision is only incorrect or erroneous; rather, the state court's application of Supreme Court precedent must be "objectively unreasonable." *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003) (internal quotation marks omitted).

### D.  The Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions."    *Id.*    In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## Discussion

In the § 2254 Petition, Petitioner claims: (1) trial counsel was ineffective in failing to subpoena his probation officer, Chad Mercer, and present him as a witness at trial, failing to object to testimony regarding the malfunctioning of an electronic monitoring clock in an unrelated case, failing to object to a jury charge on the crime of larceny as a lesser included offense of armed robbery, and failing to object at sentencing because Petitioner was not served with a notice of intent to seek life without parole ten days before trial; (2) a state witness "worked out a deal with [the] solicitor" in exchange for her testimony because "she was scared due to her pending charges"; (3) his sentence is illegal because it violates his right to the due process of law; (4) the trial court lacked subject matter jurisdiction because the indictment for armed robbery was defective; and (5) a "general violation of due process."

On January 25, 2013, Respondent filed a Motion for Summary Judgment. ECF No. 42.  In the Report and Recommendation ("Report"), the Magistrate Judge recommends that this Court grant Respondent's Motion for Summary Judgment.  Report 27, ECF No. 56.  Petitioner filed objections to the Report. ECF No. 59.  The Court addresses each of these objections herein.

## I.    Sentencing

First, Petitioner objects to the Magistrate Judge's conclusion concerning Petitioner's claim that his sentence is illegal.  Pet'r's Obj., ECF No. 59.  The Magistrate Judge found this claim to be both procedurally barred and meritless.

Report 20−21, ECF No. 56.  Petitioner does not object to the conclusion that the claim is procedurally barred, rather he reargues his contention that the state improperly used an attempted armed robbery conviction from 1992 to enhance his sentence pursuant to S.C. Code § 17-25-45.

Petitioner raised this claim in his Second PCR Application (ECF No. 41-9, at 206), but the PCR Court failed to address the argument in its order of dismissal.  ECF No. 41-9, at 268−79.  Petitioner's counsel did not file a motion pursuant to South Carolina Rule of Civil Procedure 59(e) to preserve the issue for appeal, nor did Petitioner raise the claim in the PCR Appeal (ECF No. 41-4).

In South Carolina, if the PCR Court does not address a claim raised by an applicant for post-conviction relief, his attorney must move the PCR Court to alter or amend the judgment pursuant to South Carolina Rule of Civil Procedure 59(e).  If such a motion is not made, the claim is deemed procedurally barred by the South Carolina Supreme Court.  *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[2]  "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a

---

[2] The PCR ruling on Petitioner's Second PCR Application occurred on March 26, 2010, subsequent to the South Carolina Supreme Court's decision in *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007).  ECF No. 41-9, at 268–80.  Therefore, Petitioner's failure to make a motion to alter or amend the PCR Court's judgment pursuant to Rule 59(e), SCRP operates as a procedural bar on the Court's ability to consider it on its merits.  *See Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009).

fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991).

Here, Petitioner has not demonstrated cause for the procedural default, nor does he argue that failure to consider the claims will "result in a fundamental miscarriage of justice." *Id.* Thus, the Court agrees with the Magistrate Judge that the claim is procedurally defaulted and concludes that Petitioner's objection is without merit.

## II.    Evidence of Electronic Monitor Issues

### A. Testimony of Ashley Long

Second, Petitioner reasserts his argument that his trial attorney was ineffective for failing to object to Ashley Long's testimony regarding the malfunction of an electronic monitoring clock in a separate case. Pet'r's Obj., ECF No. 59. Petitioner alleges that the testimony was irrelevant, and therefore his trial counsel was ineffective for failing to object to the testimony. *Id.* The Magistrate Judge concluded that this claim is procedurally barred, because it was not raised in the PCR Appeal. Report 24, ECF No. 56. The Magistrate Judge further found that the claim fails on its merits because Petitioner's trial counsel did actually object to Long's testimony at trial. *Id.* Therefore, Petitioner has not made the requisite showing pursuant to the Supreme Court's holding in *Strickland v. Washington*, 466 U.S. 668 (1984), that his attorney's performance was deficient and that he was prejudiced by his attorney's conduct. *Id.*

As stated, "in all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991).   Petitioner raised the claim that his attorney was ineffective for failing to object to Long's testimony at the PCR Hearing.  ECF No. 41-9, at 215–17, 235–36.    At the PCR hearing, trial counsel testified that he did object to the testimony in a sidebar and that he later preserved the objection on the record.  ECF No. 41-9, at 250–51.  In its order of dismissal, the PCR Court held that Petitioner failed to demonstrate what more trial counsel could have done. ECF No. 41-9, at 276.   Petitioner did not raise this issue in the PCR Appeal; therefore, the Court concludes that it is procedurally barred and Petitioner's objection is without merit.[3]  *See* ECF No. 41-4, at 2.

### B.  Testimony of Edward Jones

Petitioner also reasserts his argument that his trial counsel was ineffective for failing to object to a portion of Edward Jones' testimony.  Pet'r's Obj., ECF No. 59.   Edward Jones, a parole supervisor, testified at trial as a defense

---

[3] In the PCR Appeal, Petitioner mentioned the fact that Long testified regarding the accuracy of electronic monitoring clocks; however, the argument raised on appeal was that trial counsel was ineffective for failing to object to a portion of Edward Jones' testimony, not for failing to object to Long's testimony.  ECF No. 41-4, at 2–7. Petitioner's claim that trial counsel was ineffective for failing to object to Edward Jones' testimony is discussed below.

witness.  Petitioner was on electronic monitoring at the time of the commission

of the armed robbery, and Jones testified that Petitioner was within the range of

an electronic monitor when the crime was committed.  ECF No. 41-8, at 120–

22.  During cross-examination, the prosecutor asked Jones whether the times

indicated by the monitor are accurate, and in reply, Jones described an incident

from another case which revealed that the central clock was inaccurate.  ECF

No. 41-8, at 123–25.  Petitioner contends that his trial counsel was ineffective

for failing to object to this testimony.

Petitioner raised this claim at the PCR Hearing, and the PCR Court rejected

the claim.  ECF No. 41-9, at 216–17, 276.  Petitioner also raised the issue in

the PCR Appeal; thus, the Court will consider it on its merits.  ECF No. 41-4.

The Court may not grant federal habeas relief to Petitioner unless the PCR

Court's adjudication of the claim "'was contrary to' federal law then clearly

established in the holdings of [the Supreme Court], § 2254(d)(1); or that it

'involved an unreasonable application of' such law, § 2254(d)(1); or that it 'was

based on an unreasonable determination of the facts' in light of the record before

the [PCR] court, § 2254(d)(2)." *Harrington v. Richter*, 562 U.S. ___, ___,131 S.

Ct. 770, 785 (2011).  Furthermore, Petitioner "can satisfy the 'unreasonable

application' prong of § 2254(d)(1) only by showing that 'there was no

reasonable basis' for the [PCR Court's] decision."  *Cullen v. Pinholster*, ___ U.S.

___, ___, 131 S. Ct. 1388, 1402 (2011) (quoting *Richter*, 562 U.S. at ___, 131

S. Ct. at 784).  "'[A]n *unreasonable* application of federal law is different from

an *incorrect* application of federal law.'" *Richter*, 562 U.S. at ___, 131 S. Ct. at 785 (emphasis in original) (quoting *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).   Moreover, "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 786.

The Supreme Court has established that in the context of an ineffective assistance of counsel claim, "the rule set forth in *Strickland* qualifies as clearly established Federal law, as determined by the Supreme Court of the United States." *Williams v. Taylor*, 529 U.S. 362, 391 (2000) (internal quotation marks omitted).   In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court held that to prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance fell below an objective standard of reasonableness; and (2) that petitioner was prejudiced by his counsel's conduct.   With respect to reasonableness, the court must determine the reasonableness of the challenged conduct on the facts of the particular case at the time of the attorney's conduct.   *Id.* at 690.   The attorney's conduct must be "'within the range of competence demanded of attorneys in criminal cases.'" *Id.* at 687 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).   There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ."   *Id.* at 689 (directing that "[j]udicial scrutiny of counsel's performance must be highly deferential").   Furthermore, in *Richardson v. Branker*, the Fourth Circuit stated:

> when a petitioner's habeas corpus claim is based on alleged
> ineffective assistance of counsel, we review the claim through
> the additional lens of *Strickland* and its progeny . . . . The
> AEDPA standard and the *Strickland* standard are dual and
> overlapping, and we apply the two standards simultaneously
> rather than sequentially. . . . This imposes a very high burden
> for a petitioner to overcome, because these standards are each
> 'highly deferential' to the state court's adjudication and, 'when
> the two apply in tandem, review is doubly so.'

668 F.3d 128, 139 (4th Cir. 2012) (quoting *Harrington*, 131 S. Ct. at 788).

In its order of dismissal, the PCR Court noted that trial counsel erred in
not objecting to Jones' testimony, because it concerned an unrelated, separate
incident.  ECF No. 41-9, at 276.  However, the PCR Court ultimately rejected
Petitioner's claim that trial counsel was ineffective for failing to object to Jones'
testimony, because the error did not prejudice Petitioner.  *Id.*  The PCR Court
concluded that "[t]rial counsel was able to—throughout the course of the trial
and in closing argument—effectively attack the testimony regarding the clock."
*Id.*

The record reveals that during closing argument, trial counsel presented
several arguments to bolster Petitioner's alibi defense and discredit the
prosecution's contention that the monitoring clock was inaccurate.  ECF No. 41-
9, at 146–48.  Accordingly, the Court agrees with the Magistrate Judge that
Petitioner has not demonstrated that the PCR Court's adjudication of this issue
resulted in a decision contrary to, or involving an unreasonable application of
clearly established federal law, or resulted in a decision based on an

unreasonable determination of the facts.  *See* 28 U.S.C. § 2254(d), Therefore, the Court concludes that Petitioner's objection is without merit.

### III. Chad Mercer

Next, Petitioner argues that his trial counsel was ineffective, because he did not subpoena and present his probation officer, Chad Mercer, as a witness at trial.  Pet'r's Obj., ECF No. 59.  The Magistrate Judge concluded that Petitioner is procedurally barred from raising this issue because the PCR Court did not specifically address the issue in its order of dismissal or in the oral order given at the end of the PCR hearing, and Petitioner did not file a motion pursuant to South Carolina Rule of Civil Procedure 59(e) to preserve the issue for appeal.  Report 16, ECF No. 56; *see Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).   The Magistrate Judge also found that the claim fails on its merits, because Petitioner has not proffered Mercer's alleged favorable testimony.  *Id.* at 18.   In his objection, Petitioner only states that he told his attorney that "we need" Mercer's testimony and that he "asked for him to be present at trial."  Pet'r's Obj., ECF No. 59.   Petitioner does not demonstrate cause for the procedural default nor does he argue that failure to consider the claims will "result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991).   Therefore, the Court concludes that Petitioner's objection is without merit.

### IV. Due Process Claim

Finally, Petitioner alleges a "general due process violation" in his objections to the Magistrate Judge's Report.  Pet'r's Obj., ECF No. 59.  The Magistrate Judge concluded that this claim is procedurally barred and that it fails on its merits.  In the objection, Petitioner restates his claim that he was denied the due process of law.  Petitioner has not shown cause for failure to raise the claim and actual prejudice resulting from the claim not being raised.  *See Coleman*, 501 U.S. at 750.  Furthermore, Petitioner has not demonstrated that a "fundamental miscarriage of justice" has occurred.  *Id.*  Therefore, the Court agrees with the Magistrate Judge that the claim is procedurally barred and Petitioner's objection is without merit.

### Conclusion

After a thorough review of the record, the Report and Recommendation, and the relevant case law, this Court finds that the Magistrate Judge applied sound principles to the facts of this case.  Therefore, this Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety.

**IT IS THEREFORE ORDERED** that Respondent's Motion for Summary Judgment is GRANTED and that Petitioner's claims are DISMISSED with prejudice.  The Court declines to issue a certificate of appealability in this matter.[4]

---

[4] When a district court issues a final ruling on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. §§ 2254 & 2255. The Court has reviewed its order and, pursuant to Rule 11(a) of the Rules Governing Section

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

August 22, 2013
Anderson, South Carolina

---

2254 and Section 2255 cases, declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473 (2003) (holding that, to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").